IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DURIOKI DESHONE WHITE, | ) | |
| ID # 1411984, | ) | |
|    Petitioner, | ) | |
| vs. | ) | No. 3:09-CV-1440-G-BH |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|    Respondent. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

## I.  BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his Dallas County conviction for assault to cause bodily injury to a family member in Cause No. F06-16221-R.  Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On January 5, 2007, petitioner was convicted on a plea of guilty and sentenced to three years imprisonment for the assault charge.  (Pet. Writ of Habeas Corpus (Pet.) at 2.)  He did not appeal the conviction but did file a state petition seeking habeas relief.  (*Id.* at 3.)  Although petitioner does not provide the date of filing, he apparently filed the petition with the trial court on October 20, 2008.  The official web site for the Texas Court of Criminal Appeals shows that they received that petition on December 9, 2008, and denied it on January 28, 2009.  *See* Texas Courts Online, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=264233 (accessed Aug. 6, 2009)

(follow links to disposition).

Petitioner filed his federal petition in August 2009, when he placed it in the prison mail system.[1]  (Pet. at 9.)  Petitioner claims that (1) he is illegally incarcerated because the maximum sentence should have been two years; (2) his sentence was illegally enhanced from a misdemeanor; and (3) he was denied due process in the way the State handled a non-violent offense and denied parole.  (Pet. at 7.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was pre-vented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented

---

[1] *See also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  In addition, he has not carried his burden to establish the applicability of subparagraph (D).[2]  *See Norrid v. Quarterman*, No. 4:06-CV-403-A, 2006 WL 2970439, at *1 (N.D. Tex. Oct. 16, 2006) (recognizing that the burden lies with petitioner).  Thus, as § 2244(d)(1) relates to this case, the one-year statute of limitations is calculated from the date petitioner's conviction became final in accordance with subparagraph (A).

In this case, petitioner did not appeal his conviction.  For purposes of § 2244(d), the state conviction  became final thirty days after he pled guilty and was sentenced on January 5, 2007.  *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (noting that a conviction becomes final under Texas law thirty days after the defendant pled guilty and failed to appeal).  If the thirtieth day "is a Saturday, Sunday, or legal holiday, the period extends to the first day that is not a Saturday, Sunday, or legal holiday."  Tex. R. App. P. 4.1(a).  Because the thirtieth day in this case fell on a Sunday, petitioner's state judgment of conviction became final on Monday, February 5, 2007.

Because petitioner filed his petition more than one year after his conviction became final, a literal application of § 2244(d)(1) renders this action untimely.

### III.  TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*"  28 U.S.C. § 2244(d)(2) (emphasis added).  However, when petitioner filed his state petition on October 20, 2008, the statutory limitations period had already expired because his

---

[2]  Furthermore, the factual predicates of his claims were certainly known before his conviction became final.

conviction became final in February 2007.  The statutory tolling provision does not save the August

2009 federal petition.  Further, nothing in the petition indicates that rare and exceptional circum-

stances warrant equitable tolling.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recog-

nizing that statute of limitations is subject to equitable tolling).  The instant action should therefore

be deemed untimely.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the

Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by

statute of limitations and **DENY** it with prejudice.

**SIGNED this 6th day of August, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recom-
mendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any
party who desires to object to these findings, conclusions and recommendation must file and serve
written objections within ten days after being served with a copy.  A party filing objections must
specifically identify those findings, conclusions, or recommendation to which objections are being
made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to
file written objections to the proposed findings, conclusions, and recommendation within ten days
after being served with a copy shall bar the aggrieved party from appealing the factual findings and
legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon
grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)
(*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE